

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-25-00098-CV

**IN THE INTEREST OF J.F.R.R.**

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 23-1807-CV-E
Honorable Thomas Nathaniel Stuckey, Judge Presiding

Opinion by:     Adrian A. Spears II, Justice

Sitting:          Irene Rios, Justice
                 Lori I. Valenzuela, Justice
                 Adrian A. Spears II, Justice

Delivered and Filed: July 2, 2025

AFFIRMED

Appellant Brandon P.[1] appeals the trial court's order terminating his parental rights. On appeal, he argues the trial court abused its discretion by not allowing him to virtually participate in trial by video or telephone. We affirm.

The reporter's record reflects that when the trial court called for announcements on the day of trial, Brandon P.'s trial counsel announced that Brandon P. was not present:

> Counsel:    [Brandon P. is] not present, Judge. I recently had communication with him. He does want to appear via Zoom or telephone, Judge, but based on the fact that he's not here, Judge, I'm announcing not ready. . . . And,

---

[1]To protect the identity of the minor child, we refer to the parties by fictitious names, initials, or aliases. *See* TEX. FAM. CODE § 109.002(d); TEX. R. APP. P. 9.8(b)(2).

> Judge, just so the Court is made aware, [Brandon P.] does live in the Odessa area, Judge.

> Court: So, [trial counsel], the Court had set this as an in-person trial quite a long time ago, so your client had plenty of notice that he needed to appear in person. So his—your not-ready announcement is overruled, and we're going to go forward with an in-person trial today.

> Counsel: That's fine, Judge. I just [re-urge] my not-ready based on the fact that [Brandon P.] does live in Odessa, Judge, and I'm not sure what his capability of being in person is. But I do know that he was willing to appear via a link or a telephone.

> Court: Okay. Well, this is the first I'm hearing of any of this stuff. Nobody asked for permission to appear remotely. We set this as an in-person trial because we knew it was going to be contested. People live all over the state, [counsel], and we're here. We're all here in person but your client. So again, your not-ready announcement is overruled.

Texas Rule of Civil Procedure 21d provides that "[u]nless the notice of court proceeding states otherwise, a person who participates in a court proceeding does so by physical presence in the courtroom." TEX. R. CIV. P. 21d(b)(1). "Upon appropriate notice by a party or the court, a court *may allow* or require a participant to appear at a court proceeding by videoconference, teleconference, or other available electronic means, except as otherwise provided in (2)." *Id*. (emphasis added). Subsection (2) states that a "court must not require: (A) a party or lawyer to appear electronically for a court proceeding in which oral testimony is heard, absent good cause or the agreement of the parties; or (B) a lawyer, party, or juror to appear electronically for a jury trial, absent the agreement of the parties." *Id*. 21d(b)(2). "A party may object to any method of appearance, stating good cause for the objection." *Id*. 21d(d). "The objection must be made within a reasonable time after the party receives notice of the appearance." *Id*. We "review a trial court's decision requiring in-person or remote attendance under an abuse-of-discretion standard." *In re A.C.*, No. 09-22-00439-CV, 2025 WL 271635, at *3 (Tex. App.—Beaumont Jan. 23, 2025, no pet.).

Here, the record reflects that Brandon P. had notice the trial would be conducted in person and made no objection or request to appear remotely until the day of trial. At trial, his trial counsel did not provide any good cause for this request beyond the fact that Brandon P. lived "in the Odessa area" and he did not know of Brandon P.'s capability of traveling to trial. Under these circumstances, the trial court could have reasonably considered Brandon P.'s request to appear remotely as untimely. *See id.* (explaining that "based on the record before us, we cannot say the trial court abused its discretion if it indeed denied Mother's eleventh-hour request to attend the hearing remotely"). Further, as counsel gave no reason for Brandon P.'s request other than counsel did not know whether Brandon P. could travel from Odessa, the trial court could have reasonably concluded that Brandon P. had not provided good cause for his request. *See* TEX. CIV. P. 21d(e) (providing list of factors for trial court to consider in determining good cause). We thus find no abuse of discretion by the trial court in denying Brandon P.'s request to appear remotely.[2]

Finally, we note that in support of his argument that the trial court abused its discretion, Brandon P. cites to cases involving incarcerated persons. *See In re M.P.S.*, 632 S.W.3d 241 (Tex. App.—Eastland 2021, no pet.); *E.N. v. Tex. Dep't of Fam. & Protective Servs.*, No. 03-21-00014-CV, 2021 WL 2460625 (Tex. App.—Austin June 17, 2021, no pet.). Both of these cases, however, involved parents who, unable to attend trial because of their incarceration, *raised issues of constitutional due process rights*. *See In re M.P.S.*, 632 S.W.3d at 242; *E.N.*, 2021 WL 2460625, at *1-2.

In *In re M.P.S.*, the Eastland Court of Appeals noted that due process requires "at a minimum, that absent a countervailing state interest of overriding significance, persons . . . must

---

[2]We note that Brandon P. argues that because the trial court conducted previous hearings remotely, its order setting an in-person trial amounted "to an arbitrary and capricious exercise of its discretion." We disagree with Brandon P.'s assertion that merely because a trial court has conducted numerous pretrial hearings remotely, its decision to conduct the trial on the merits in person is "arbitrary and capricious."

be given a meaningful opportunity to be heard" and that a parent's right to the "companionship, care, custody, and management" of his child "is an interest far more precious than any property right." *In re M.P.S.*, 632 S.W.3d at 243 (citations omitted). The court reasoned that "[i]t follows then that a litigant cannot be denied access to the courts merely because she is an inmate." *Id*. (citations omitted). The court then recognized that "an inmate does not have an absolute right to appear in person in every court proceeding." *Id*. (citations omitted). Thus, the court explained that "[w]hen a trial court concludes that an inmate is not entitled to appear in person, the trial court must consider allowing the inmate to participate by some other means, such as by affidavit, deposition, or telephone, if requested by the inmate." *Id*.

In *E.N.*, the Austin Court of Appeals considered whether the trial court abused its discretion in denying the father's request to continue the trial until an in-person trial was possible. *E.N.*, 2021 WL 2460625, at *1. Due to the COVID pandemic, the trial court held a remote jury trial and allowed the father, who was incarcerated, to participate by videoconference from a federal penitentiary. *Id*. On appeal, the father argued that holding a remote jury trial violated his due process rights. *Id*. at *2. Noting that due process "at a minimum requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner," the court measured "what process is due under a 'flexible standard' that depends 'on the practical requirements of the circumstances.'" *Id*. (quoting *Mosley v. Tex. Health & Human Servs. Comm'n*, 593 S.W.3d 250, 265 (Tex. 2019)). In applying this standard, the court concluded that "due process did not require that [f]ather have an in-person trial." *Id*. at *5.

Here, the record does not indicate that Brandon P.'s trial counsel was attempting to raise a constitutional due process challenge. *See In re D.K.*, 696 S.W.3d 787, 793 (Tex. App.—Eastland 2024, no pet.) ("Although the father's trial counsel requested a continuance, 'it was not apparent

from the context that [the father] was attempting to raise a due process challenge.'") (quoting *In re L.M.I.*, 119 S.W.3d 707, 711 (Tex. 2003)). By not making the trial court aware of a constitutional complaint, Brandon P. failed to preserve a constitutional due process issue for appellate review. *See id.* at 794 ("Because the father failed to make the trial court aware of his constitutional complaint, he presents nothing for our review."). Moreover, even if he had preserved the constitutional due process issue, there is nothing in the record to indicate that Brandon P. *was denied access* to the courts. He is not incarcerated, and there is nothing in the record to show that he was not capable of attending the in-person trial. Brandon P.'s counsel merely stated that Brandon P. lived in Odessa. Counsel did not state that Brandon P. was *incapable of traveling* to the courthouse. Thus, the cases cited by Brandon P., which involve incarcerated persons, simply do not apply.

For the reasons stated above, we find no abuse of discretion by the trial court. We therefore affirm the trial court's order terminating Brandon P.'s parental rights.

Adrian A. Spears II, Justice